UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24989-CV-SCOLA
MAGISTRATE JUDGE REID

GREGORY HARRIS,

    Petitioner,

v.

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondent.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on *pro se* Petitioner's self-styled "Petition for an All Writs Act, Under 28 U.S.C. § 1651(a)." [ECF No. 1]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 9].

Petitioner, **Gregory Harris**, is a prolific filer and is no stranger to this Court and many others around the country. In the instant case, he seeks a writ of habeas corpus pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and asks to be released from what he calls his illegal and unconstitutional confinement. [ECF No. 1].

To the extent that Petitioner seeks habeas corpus relief under the All Writs Act, 28 U.S.C. § 1651(a), this is improper because "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id*. Where state prisoner challenges fact or duration of imprisonment and seeks release from that imprisonment, sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 or 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The Undersigned notes, however, that Petitioner has previously filed multiple federal habeas petitions attacking his state court convictions after pleading guilty in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, **Case Nos. 11-00202** and **11-13370**. *See Harris v. Florida*, Case No. 17-23455-CV-JEM at ECF 13 (S.D. Fla. Sept. 25, 2017) (recounting Petitioner's previous cases in this Court).

In the instant Petition, Petitioner again seeks to challenge his state criminal proceedings in the same criminal case. [ECF No. 1]. However, "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rules Governing § 2254 Proceedings, Rule 9. No authorization has been granted in this case.

The Court lacks jurisdiction to decide this case absent such an authorization from the United States Court of Appeals for the Eleventh Circuit. *See Gonzalez v. Sec'y. for the Dep't. of Corr.*, 366 F.3d 1253, 1297-98 (11th Cir. 2004) (*en banc*) (citing *United States v. Winestock*, 340 F.3d 200, 207-09 (11th Cir. 2003)).

### III. Recommendations

Based on the foregoing, it is **RECOMMENDED** that this case be **DISMISSED** without prejudice, as an unauthorized successive petition.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 11th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Gregory Harris**
M38811
Florida State Prison-West Unit
Inmate Mail/Parcels
PO Box 800
Raiford, FL 32083
*PRO SE*